UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RONALD EDWARD WILLIAMS,

                    Plaintiff,

          v.                                              9:11-CV-1477
                                                          (TJM/DEP)

ERIC HOLDER, et al.,

                    Defendants.

---

APPEARANCES:                              OF COUNSEL:

RONALD EDWARD WILLIAMS
389737
Plaintiff, pro se
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

THOMAS J. MCAVOY
United States District Judge

## DECISION and ORDER

### I.      INTRODUCTION

          Plaintiff commenced this civil rights action in December, 2011.  *See generally* Dkt. No.

1.  By his complaint, plaintiff claimed that his confinement was unconstitutional and that he

was denied meaningful access to the courts.  *Id.*  By Decision and Order of this Court, dated

April 20, 2012 ("April Decision and Order"), plaintiff's application to proceed in forma pauperis

was granted, and he was directed to submit an amended complaint if he wished to proceed

with this action.  Dkt. No. 9.  Presently before the Court is plaintiff's amended complaint.  Dkt.

No. 12.

### II.     REVIEW OF THE AMENDED COMPLAINT

Having previously found that plaintiff meets the financial criteria for commencing this case in forma pauperis, the Court must now consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  The legal standards governing the dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A were discussed at length in the April Decision and Order (Dkt. No. 9 at 2-4), and will not be restated here.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Section 1983 establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498,508 (1990) (quoting 42 U.S.C. § 1983)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

As with his original pleading, the amended complaint again claims that plaintiff was denied meaningful access to the Courts while confined as a federal pretrial detainee at the Cayuga County Jail.  *See generally* Dkt. No. 12.  More specifically, plaintiff claims that the law library did not contain sufficient legal materials and he was not provided with adequate legal

---

[1] Generally, case law for lawsuits brought pursuant to Section 1983 applies to *Bivens* actions.  *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (quoting *Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981)) (footnote omitted) ("Though [Section 1983 and *Bivens*] actions are not precisely parallel, there is a 'general trend in the appellate courts to incorporate § 1983 law into *Bivens* suits.'").  Accordingly, the Section 1983 case law cited by the Court in this Decision and Order is equally applicable to this *Bivens* action.

assistance.  *Id.*  Plaintiff identifies defendants McNulty, Holder, Gould, and Sciliman,[2] as the

individuals responsible for failing to properly stock the law library and/or assist him with his

legal research.  *Id.*  Furthermore, after "request[ing] help from an outside source," Scilliman

(the librarian) allegedly retaliated against plaintiff "by ignoring [his] requests [for legal

materials] altogether."  *Id.* at 5.  Plaintiff effectively claims that because he was denied

meaningful access to a law library and legal materials, he "is facing a term of 60-years

[imprisonment in] . . . US[A] v. Williams, Docket No. 11-CV-0062."[3]  *Id.* at 7.  As relief for

these violations, plaintiff is seeking monetary and injunctive relief.  *Id.* at 8.  The sufficiency of

the claims raised in the amended complaint is discussed below.

As this Court discussed in the April Decision and Order, access to the courts is a

fundamental right that requires prison authorities to "assist inmates in the preparation and

filing of meaningful legal papers by providing prisoners with adequate law libraries or

adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828

(1977).  More recently, the Supreme Court held that an inmate alleging a denial of access to

the courts must show "actual injury" as a result of the deficient access to the courts.  *Lewis v.

Casey*, 518 U.S. 343 (1996).  The cause of the injury must be the inadequacy of the access.

*Id.* at 350-51.  A plaintiff must show that a non-frivolous claim has been frustrated or was

being impeded by prison officials.  *See, e.g., Warbuton v. Underwood*, 2 F.Supp.2d 306, 312

---

[2]  Only McNulty and Holder are named as defendants in the caption and where the parties are identified in the amended complaint. Dkt. No. 12 at 1-2.  However, because it is clear that plaintiff is attempting to assert claims against Gould and Scilliman, the Clerk of the Court is directed to edit the docket to add Sheriff David Gould and Corporal Scilliman (librarian at the Cayuga County Jail) as defendants in this action.

[3]  On January 26, 2012, soon after plaintiff filed this lawsuit, he was found guilty of all twelve counts of "False Claim for Refund" in *USA v. Williams*. *See USA v. Williams*, 5:11-CR-0062, Dkt. No. 54 (N.D.N.Y.) (NAM).  Approximately one month after plaintiff's amended complaint was filed in this action, he was sentenced to 120 months of imprisonment in *USA v. Williams*. *Id.*, Dkt. No. 60 at 2.

(W.D.N.Y. 1998) (14 day dely in service not itself sufficient to establish actual injury); *Gillard v. Burge*, No. 9:03-CV-1537, 2007 WL 1074789, at *9 (N.D.N.Y. Apr. 5, 2007) (TJM/RFT) (missed deadline in federal case not sufficient to demonstrate actual injury).  Accordingly, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that a non-frivolous legal claim has been frustrated or impeded as a result of the allegedly inadequate law library.  *See Lewis*, 518 U.S. at 353.

As for an "actual injury," plaintiff effectively claims that if he was provided with adequate materials and assistance, he would not have been "facing a term of 60-years" imprisonment in *USA v Williams.*  Dkt. No. 12.  However, despite liberally construing the pleading, nothing in the amended complaint even suggests that proper access to legal materials and/or legal assistance would have provided plaintiff with a non-frivolous basis for defending that criminal proceeding.  Plaintiff's wholly conclusory claim is simply insufficient to establish a constitutional violation of denial of meaningful access to the courts.  Furthermore, as this Court noted in the April Decision and Order, it is clear that plaintiff was appointed defense counsel for *USA v. Williams*, prior to commencing this lawsuit.[4]  *See* Dkt. No. 12 at 7; *USA v. Williams*, 5:11-CR-0062, Dkt. No. 15.  Appointed counsel defeats plaintiff's claim that the inadequate law library and legal assistance at the Cayuga County Jail prejudiced his rights in his criminal action.  *See Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) ("confirm[ing] that the appointment of counsel can be a valid means of satisfying a prisoner's

---

[4]  Plaintiff states in his amended complaint that he was assigned counsel without his consent, by District Judge Norman A. Mordue. Dkt. No. 12 at 3. However, the docket for *USA v. Williams*, contradicts plaintiff's claim. *See USA v. Williams*, 5:11-CR-0062, Text Minute Entry dated June 14, 2011 (Judge Mordue reviewed the competency report and found that plaintiff was competent to represent himself if he wished, but that plaintiff "state[d] he d[id] not want to be pro se and make objections to a trial and counsel"); *Id.*, Dkt. No. 15 (Order Appointing the Office of the Federal Public Defender to represent plaintiff and noting plaintiff's "desire to have counsel").

right of access to the courts"); *Spates v. Manson*, 644 F.2d 80, 84-85 (2d Cir. 1981) (The

right of access to courts is notinfringed where prisoners are not supplied with an adequate

prison library, so long as they were provided with appointed counsel.); *United States v. West*,

557 F.2d 151, 152 (8th Cir. 1977) (lack of access to a law library failed to state a claim for

denial of access to the courts because the plaintiff had been assigned stand-by counsel,

which was a reasonable alternative to assure meaningful access to the courts).  Moreover,

plaintiff did not plead to the charges but, rather, was tried before a jury in January, 2012.  *See*

*United States v. Williams*, 5:11-CR-0062, Dkt. No. 54.

Based on the foregoing, plaintiff's claim of denial of access to the courts is dismissed

without prejudice.  Accordingly, because plaintiff has not alleged an actionable claim against

Gould, Holder, or McNulty, they are hereby dismissed without prejudice as defendants in this

action.[5]

Plaintiff's only remaining claim is that Scilliman retaliated against him when plaintiff

sought outside help.  Dkt. No. 12 at 5.  In light of the requirement to liberally construe the

pleadings from pro se plaintiffs, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185,

191 (2d Cir. 2008), the Court finds that the complaint says enough to require a response from

Scilliman regarding plaintiff's retaliation claim.  However, the Court expresses no opinion as

to whether plaintiff's claim can withstand a properly filed motion to dismiss or for summary

judgment.

## III.   CONCLUSION

---

[5] The original complaint named John and Jane Doe defendants.  Dkt. No. 1 at 1.  However, the caption of the amended pleading does not identify any John or Jane Doe defendants, nor does plaintiff allege any wrongdoings by any John or Jane Does in the body of the amended complaint.  Accordingly, the Clerk of the Court is directed to dismiss these individuals without prejudice as defendants in this action.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk edit the docket to add Sheriff David Gould and Corporal Scilliman as defendants in this action; and it is further

**ORDERED** that with the exception of plaintiff's retaliation claim against defendant Sciliman, the amended complaint fails to state a claim upon which relief may be granted and is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon defendant Scilliman.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the Cayuga County Attorney, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to plaintiff's retaliation claim be filed by Scilliman or his counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Holder, McNulty, Gould, Jane Doe, and John Doe, are dismissed without prejudice as defendants in this action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the court which does not include a proper certificate of service will be stricken from the docket**.  Plaintiff must comply with any requests by the Clerk's Office for any

documents that are necessary to maintain this action.  **All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  Davis is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Davis' address; his failure to do so will result in the dismissal of this action**; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: August 30, 2012
       Binghamton, NY

Thomas J. McAvoy
U.S. District Judge